IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MOJISOLA ADEDOLAPO SANYA** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 13-1429** |
| | * | |
| **UNITED STATES SECRET SERVICE** | * | |
| | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Mojisola Sanya seeks the return of a 2006 Maserati Quattroporte ("the Maserati"), or payment of $53,200 for the value of the Maserati. The Maserati was forfeited to the United States under 18 U.S.C. § 981 as property derived from a violation of 18 U.S.C. § 1029 (access device fraud) by Ms. Sanya's son, Oluwaseun Sanya. The Government has filed a Motion to Dismiss (Paper No. 10) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the reasons that follow, the Motion is **GRANTED**.

### I.

Undisputed records submitted by Government counsel show that on June 26, 2012, the U.S. Secret Service seized the Maserati from a repair facility in Laurel, Maryland, where it had been left for service under the name of Oluwaseun Sanya, Ms. Sanya's son. The Maserati was seized in connection with the investigation of Mr. Sanya, who has pled guilty to and is currently awaiting sentencing for access device fraud. On August 23, 2012, the Secret Service initiated an administrative proceeding to forfeit the Maserati. Notice letters were sent via Federal Express to both Mojisola Sanya, the registered owner of the Maserati, and to Oluwaseun Sanya, at Ms. Sanya's residence, 11442 Horse Soldier Place in Beltsville, Maryland. Federal Express records

1

reflect that the notices were delivered to the Horse Place address on August 27, 2012, and that the recipient of the notices used the initials "MS" to sign the delivery confirmation receipts. Ms. Sanya contends that her son received the notices, but did not tell her he had. The notice letter stated that she had until September 27, 2012 to file a claim to contest the forfeiture. Neither Plaintiff, nor anyone else, filed a claim.

The Secret Service issued three public notices of its intent to forfeit the Maserati in the *Wall Street Journal* for three consecutive weeks (August 23, 2012, August 30, 2012, and September 6, 2012). The Service also posted a public forfeiture notice on www.forfeiture.gov, the Department of Justice's official forfeiture site, from August 23, 2012 until September 21, 2012.

On January 10, 2012, the Secret Service forfeited the Maserati through an administrative declaration of forfeiture, and in March 2013, the forfeited vehicle was sold to a private party at a U.S. Treasury Department auction.

On May 14, 2013, Mojisola Sanya filed a Motion to Return Property Under Rule 41(G) (Paper No. 1), contending that on July 25, 2013, she requested the return of the Maserati through a letter sent by the attorney for Oluwaseun Sanya to the U.S. Attorney's Office. She says her current counsel then spoke with the Assistant U.S. Attorney in September 2012 but that the AUSA failed to state that the forfeiture proceeding had started.[1]

**II.**

A party may move to dismiss a case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff bears the burden of proving that jurisdiction exists in federal court. *See Piney Run Pres. Ass'n v. Cnty.*

---

[1] Ms. Sanya does not state whether she was represented by her attorney at the time of that conversation. The Court will assume, however, that she was represented by counsel.

*Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008). When considering a 12(b)(1) motion, the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment" to help determine whether it has jurisdiction over the case before it. *Evans v. B.F. Perkins Co., a Division of Standex Int' Corp*., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss under Rule 12(b)(6) for failure to state a claim tests the sufficiency of a complaint, but does not resolve factual contests, the merits of a claim, or the applicability of defenses. *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). To survive a 12(b)(6) motion a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Although the Secret Service fails to specify its procedural line of attack, stating only that it moves pursuant to "Rule 12(b)", the Court's review of the pleadings suggests that the Government intends to submit its Motion pursuant to Rule 12(b)(1) based on lack of subject matter jurisdiction on the grounds that Plaintiff erroneously brought her motion pursuant to Rule 41(g), and pursuant to Rule 12(b)(6)for failure to state a claim under 18 U.S.C. § 983(e).

**III.**

Insofar as she relies on Rule 41(g), Plaintiff is precluded by 18 U.S.C. § 983(e). "Motions under Fed. R. Crim. P. 41(g) are appropriate only where the property in question has not yet been forfeited to the government." *See Brown v. United States*, 2012 WL 2370120 at *2 (D. Md. June 20, 2012) (Blake, J.). The Maserati was forfeited four months before Plaintiff brought her Motion. Therefore, her "recourse is under the Civil Asset Forfeiture Reform Act of

3

2000 (CAFRA), the exclusive remedy for challenging a declaration of forfeiture. *Id*. (citing *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005)).

However, even if Plaintiff had proceeded under 18 U.S.C. § 983(e), her pleading would fail to state a claim. In a Section 983(e) motion to set aside a declaration of forfeiture, the plaintiff must allege and prove that "(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1)(A)-(B).

The Government has clearly satisfied the first requirement. "Notice . . . must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action.'" *U.S. v. Minor*, 228 F.3d 352, 357 (4th Cir. 2000), *quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Ms. Sanya admits that the Secret Service sent two notices of the seizure of the Maserati, but contends that Oluwaseun Sanya, her son, with whom she obviously shares an interest, intercepted the notices and did not inform her that they were sent. Assuming this is true, a third party's interference with the Government's attempt to provide a potential claimant with notice does not automatically render the government's efforts unreasonable. *See Dusenbery v. United States*, 534 U.S. 161, 170 (2002) (actual notice is not required in administrative forfeiture proceedings; the Government's mailing of a notice to inmate's place of incarceration that had reliable procedures for delivering mail to prisoners satisfied due process). The Secret Service acted reasonably by not only mailing Ms. Sanya a personal notice, but by publishing it in the *Wall Street Journal* and on the www.forfeiture.gov website. The Assistant U.S. Attorney was not obligated to tell her attorney that a forfeiture proceeding was underway, let alone send forfeiture notices to her *son's* attorney.

Finally, Plaintiff fails to meet the requirements of 18 U.S.C. § 983(e)(1)( B). The letters attached to her Motion establish that she was aware of the Maserati's seizure in July 25, 2012. She had two months to file a claim, but failed to do so.

**IV.**

For the foregoing reasons, the Court **GRANTS** the United States Secret Service's Motion to Dismiss (Paper No. 10).

A separate Order will **ISSUE**.

                                                       /s/
                                      **PETER J. MESSITTE**
**September 24, 2013**                    **UNITED STATES DISTRICT JUDGE**